IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,338






EX PARTE STEVEN DONALD INSALL






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

CAUSE NO. C-1-007535-0910333A

IN THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY




 Johnson, J., filed a dissenting opinion in which Price and Holcomb, JJ., joined.



D I S S E N T I N G O P I N I O N 


 

 Today, the Court creates a Catch-22 for the prosecutor and the trial court. A defendant's
waiver of the right to seek relief through a writ of habeas corpus is involuntary and not knowingly
and intelligently made unless that defendant knows what certain punishment will be imposed upon
adjudication of guilt, i.e., if the plea agreement does not contain a recommended punishment to be
imposed if guilt is adjudicated. The catch is that our precedent holds that a purported "plea-bargain
agreement" on a motion to revoke community supervision, and presumably deferred-adjudication,
is not enforceable, and the trial court is free to refuse it with impunity. Gutierrez v. State, 108
S.W.3d 306 (Tex. Crim. App. 2003). Thus no bargaining defendant can be certain of the punishment
that will be assessed at the time of revocation or adjudication.

 Likewise, our precedent holds that a trial court reversibly errs if it determines, at the time
of deferral of adjudication (or, presumably, a grant of community supervision), the punishment to
be assessed at the time of adjudication or revocation. Ex Parte Brown, 158 S.W.3d 449 (Tex. Crim.
App. 2005). As a result, in the real world, a defendant can never know what "certain punishment"
will be imposed upon revocation or adjudication, and a waiver of the right to seek relief through a
writ of habeas corpus can never be enforced.

 As a practical matter, any waiver of the right to file a writ of habeas corpus is invalid because
of the "knowingly and intelligently" requirement. Are we to sanction a waiver of the right to
complain of constitutional violations that were unknown to the applicant at the time of trial? What
of perjured testimony offered by an unknowing prosecutor? What of DNA testing that later
exonerates a defendant? What of recantations? What of "experts" who are later discovered to have
manufactured evidence? No one knows what issues might become relevant in the future. See, e.g.,
Atkins v. Virginia, 536 U.S. 304 (2002); Roper v. Simmons, 543 U.S. 551 (2005).

 The writ of habeas corpus is designed to deal with newly discovered evidence of all kinds-
evidence that by definition is discovered after trial and outside of the record. Until we have oracles
who are able, at the time of trial, to see and tell the future, no waiver of the right to pursue a writ of
habeas corpus can ever be knowing or intelligent.

 I respectfully dissent.


Filed: May 23, 2007

Publish